28 C.C.P.A. (Patents)

### In re PARSONS.

**Patent Appeal No. 4392..**

Court of Customs and Patent Appeals.

Dec. 9, 1940.

R. G. Story, of Beacon, N. Y., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting claims 1, 3, 30, 31, 32, and 40 of appellant's application for a patent. Four claims were allowed by the examiner.

All of the appealed claims were rejected by the examiner as lacking patentability over the cited prior art. Claims 1, 30, 31, 32 and 40 were also rejected by him as being indefinite in merely stating a result without giving the steps necessary to produce that result.

Both grounds of rejection were affirmed by the Board of Appeals.

Claims 1, 3, 32 and 40 are illustrative of the appealed claims and read as follows:

"1. The method of curing curd which comprises holding curd to which no salt has been added at a suitable temperature for a sufficient length of time to develop a creamy texture."

"3. The method of preparing pasteurized. cheese which comprises mixing aged cheese with unsalted curd and thereafter pasteurizing the mixture."

"32. A new product comprising matted or Cheddared curd of relatively high acidity having a creamy texture."

"40. The method of treating curd which comprises holding Cheddared or matted curd to which no salt has been added until a creamy, short texture is developed in the curd."

The references are:

Cooley, 241,788, May 24, 1881.

Buskist et al., 821,334, May 22, 1906.

Kaufmann et al., 1,694,921, December 11, 1928.

Bulletin 608, U. S. Department of Agriculture, 1918, pages 12 and 13.

Cheese Making, Decker-Sammis, 1924, page 218.

Appellant's alleged invention is concisely described by the Board of Appeals in its decision as follows: "The disclosure is said to relate to a new process for the preparation of cheese and the product which results from the process. The process relates to the preparation or curing of curd for use in the manufacture of pasteurized cheese. The specification states that applicant has discovered that the matted or Cheddared curd without salt, if held at a suitable temperature for a sufficient length of time, develops a peculiar creamy condition, that this curd may be blended with aged cheese, water, salt, emulsifying salt and a neutralizing salt in such proportion that a pasteurized cheese will be produced having a desirable, uniform texture, flavor and body. It is stated that in the present process the matting or Cheddaring, instead of going on for a period of forty minutes to an hour, as in the manufacture or ordinary Cheddar cheese, goes on for days, that a suitable temperature is from 50-70° F. and the time may be for from three to ten days. As a result of this continued matting, a very high degree of acidity is said to be produced. Accompanying the development of this high degree of acidity, a new and different texture is produced in the resulting curd which is said to be very creamy and short and can be blended with aged cheese and manufactured into pasteurized cheese having a very desirable texture. It is stated that the excess acidity can be successfully neutralized by treating the cheese blend containing the special cured curd with a neutralizing salt, the preferred one being trisodium phosphate."

The patent to Cooley relates to the preparation of curd from buttermilk. The buttermilk is heated to settle the curd; the whey is then withdrawn from the curd. Warm water is added to the curd and the curd is stirred thoroughly to wash out the lactic acid; sodium bicarbonate is sometimes added to assist in removing the acid. The curd is then drained and slightly pressed to remove any water that may remain. There is then added to the curd oleaginous material, such as cream or lard, and the resulting product is intimately mixed with milk to make cheese.

The patent to Buskist et al. relates to a process for making cheese in which less acid is developed than is usual in preparing the curd. Instead of salting the curd after the whey is drawn off, the curd is covered with cold water of a temperature of about 50° F. The patent states: "After the curd has been in the water a sufficient length of time to feel not harsh, but soft and silky when squeezed in the hand, the water is drawn from the curd-sink and the curd is stirred and permitted to drain until quite dry. It is then salted, put to press, and cured in any of the usual ways."

The patent further states that the process produces "a soft, velvety, purified curd, the foundation of a fine rich cheese." It is also stated that the curd is "mellowed and softened in cold water."

The patent to Kaufmann et al. discloses a preparation of a cheese product comprising mixing curd, apparently unsalted, with ground cheese, and thereafter heating the same to a pasteurizing temperature.

Bulletin 608 of the U. S. Department of Agriculture describes the conventional process of making Cheddar cheese. The publication states that: "* * * When the curd has broken down until it has the *smooth feeling of velvet,* which requires from one to three hours, it is milled by means of a machine, which cuts it into pieces the size of a finger. It is then stirred on the bottom of the vat until whey ceases to run, which requires from one-half to one and one-half hours, when it is salted * * *." (Italics ours.)

The publication "Cheese Making", Decker-Sammis, states: "The development of acid in the curd as described improves the flavor and texture of the finished cheese * * *."

We will first consider the rejection of the claims upon the references of record.

The examiner rejected claims 1 and 40 upon the patent to Buskist et al. Claim 1 merely embraces the holding of unsalted curd at a suitable temperature for a sufficient length of time to develop a "creamy texture." The examiner held that the term "creamy texture" was indefinite, stating: "* * * what does 'creamy texture' mean? One expert will opine that a 'creamy texture' had been attained while another expert will disagree. * * *"

He further stated that the distinction, if any, between "creamy" and each of the

terms used by Buskist et al., "mellow," "soft," "velvety," and "silky" is "clearly per se insufficient a basis upon which to predicate patentability."

While appellant's counsel in his brief asserts that one skilled in the art will readily understand the term "creamy texture," there is nothing in the record to substantiate this statement, and, as above stated, the examiner was of the opinion that experts in the art would differ as to when a "creamy texture" had been attained.

Appellant might, under rule 76 of the Rules of Practice in the United States Patent Office, have filed an affidavit with respect to the understanding of the term "creamy texture" by those skilled in the cheese-making art, but he did not do so.

Upon the record before us we cannot hold that there is any patentable distinction between the term "creamy texture" as used by appellant and the terms "soft," "velvety," and "silky" texture disclosed in the Buskist et al. patent, and therefore we are of the opinion that claim 1 was properly rejected as being unpatentable over the Buskist et al. patent.

Claim 40 differs from claim 1 only in that it specifies Cheddared or matted curd, and omits any reference to temperature. The examiner held that the Buskist et al. patent obviously refers to matted curd. We are in agreement with this view and hold that claim 40 was properly rejected for reasons given by the examiner and affirmed by the Board of Appeals.

Claims 1 and 40 were also rejected, together with claims 30, 31 and 32, as being unpatentable over the conventional procedure of matting or Cheddaring curd as described in the Decker-Sammis reference or in Bulletin 608 of the U. S. Department of Agriculture. With respect to this ground of rejection the board in its decision stated:

"The claims, except claim 3, are further rejected as unpatentable over the conventional procedure of matting or Cheddaring curd, as described in either the Decker-Sammis publication or Bulletin 608. Appellant argues on page 25 of his brief that there is nothing of record to justify the examiner's bland statement that texture improvement would accompany acidity development in the Decker-Sammis curd nor in the Bulletin 608 curd and that obviously neither of these procedures would develop

applicant's creamy texture since this is something that follows the Cheddaring process.

"In the Decker-Sammis publication on page 214 it is stated, in substance, that two important changes go on in the curd, both of which should be watched closely by the cheese maker, that these are the separation of whey from the curd by which the curd becomes drier and firmer as time passes and the development of acid by the bacteria in the curd, that under the best conditions these two, acid and firmness, develop at the same time and the cheese maker tries to have them so in order that at the time the whey is drawn the curd may have the right acidity and the right firmness. On page 218 of this Decker-Sammis publication, it is stated, in substance, that when the curd is first matted, its acidity is low and during the next few hours it is to be kept warm in order to develop more acid, that the development of acid in the curd as described improves the flavor and texture of the finished cheese and also greatly reduced the danger of getting a spongy, gassy cheese.

"It appears from this that the Decker-Sammis publication discloses that the texture and flavor improvement would accompany the development of acidity and it is believed that the examiner's position as to this disclosure in the art is correct. It is true that the publication does not use the term, 'creamy texture', but since the publication indicates that the texture is developed by the increasing acidity, it appears that the word, 'creamy', merely indicates a desired stage in the development of the texture by this matting process."

We are in accord with the foregoing, and are also in accord with the view of the examiner, impliedly concurred in by the board, that Bulletin 608 negatives patentability of all the claims except claim 3. This bulletin discloses that unsalted curd, after matting, is held at a temperature of about 90° F. from 1 to 3 hours, which gives to the curd "the smooth feeling of velvet."

Claim 3 recites a method of preparing pasteurized cheese which comprises mixing aged cheese with unsalted curd, and thereafter pasteurizing the mixture.

It is unnecessary here to discuss all the grounds of rejection of this claim. Suffice it to say that in our opinion it lacks patentability over the patent to Kaufmann

928

et al. As hereinbefore stated, this patent discloses the mixing of unsalted curd with cheese, and pasteurizing the mixture. The only difference between the process recited in claim 3 and the process disclosed by Kaufmann et al. is that claim 3 recites the mixing of *aged* cheese with unsalted curd, while Kaufmann makes no reference to *aged* cheese. Surely anyone following the teachings of Kaufmann et al. would be free to use any kind of cheese to mix with the unsalted curd.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.